No. DA 06-0101

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 316N

STATE OF MONTANA,

           Plaintiff and Respondent,

   v.

KRISTOPHER M. JOSLIN,

           Defendant and Appellant.


APPEAL FROM:    The District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. ADC-2002-269,
                    Honorable Dorothy McCarter, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Kristopher M. Joslin, pro se, Glendive, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Ilka Becker,
        Assistant Attorney General, Helena, Montana

        Leo Gallagher, County Attorney; Carolyn A. Clemens,
        Deputy County Attorney, Helena, Montana


                              Submitted on Briefs:   November 9, 2006

                                      Decided:   December 5, 2006

Filed:

                      _____
                                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Defendant and appellant, Kristopher M. Joslin, appeals the District Court's denial of his motion seeking relief from his restitution obligation.

¶3      Joslin was charged with burglary, theft and criminal mischief in November 2002. He pled guilty to the burglary and theft charges.  In March 2003, he was sentenced to two six-year deferred, concurrent sentences, ordered to pay $3,400 in restitution, and warned that, should he be incarcerated, he would be required to forfeit one-third of all prison earnings to pay his restitution obligation.  At the time of sentencing, Joslin did not object to the restitution requirement, or the possibility of forfeiting prison earnings.

¶4      In February 2004, Joslin's deferred sentence was revoked for a variety of infractions and he also pled guilty to a new charge of issuing a bad check.  Joslin entered into a sentencing agreement with the State wherein he agreed to a proposed sentence of seven years, four suspended.  One of the conditions was that he would continue to pay the restitution obligation.  The subsequent sentencing order repeated the warning that, if

2

incarcerated, Joslin would forfeit one-third of his prison earnings for payment of restitution.

¶5      Joslin, once in prison, moved, *pro se*, for the court to relieve him of his restitution, claiming hardship and the need to save funds for living expenses upon his release from prison.  He also claimed that the restitution requirement was nullified once his deferred sentence was revoked, and that the court lacked the statutory authority to withhold one-third of his prison earnings for costs or fees.

¶6      The District Court denied his motion without a hearing, noting that his "hardship because of prison" argument was "reminiscent of the story of the criminal who killed his parents and argued for leniency because he was an orphan."  The court listed its reasons as: (1) the law permitted the restitution; (2) the court has no authority to modify a sentence after imposition; and (3) Joslin expressly agreed in his sentencing agreement to pay restitution.

¶7      On appeal, Joslin argues that the court erred by failing to either summarily grant his motion or hold a hearing pursuant to § 46-18-246, MCA.  Joslin contends that § 46-18-246, MCA, mandates a hearing to determine hardship and that changed circumstances negate any agreement made during sentencing to pay restitution.  As evidence of changed circumstances and hardship, Joslin points to the fact that, because one-third of his prison earnings are applied to his restitution obligation, he does not have sufficient funds to purchase necessities, such as hygiene products, or to save funds for his eventual release.

¶8      Section 46-18-246, MCA, provides that "[a]n offender may at any time petition the sentencing court to adjust or otherwise waive payment of any part of any ordered restitution." The statute then requires the court to "schedule a hearing" in part to "give the victim . . . an opportunity to be heard." Section 46-18-246, MCA. Finally, the statute lists certain changed circumstances which, if found, allow the court to adjust or waive any unpaid restitution: (1) a change in the circumstances "upon which [the court] based the imposition of restitution;" (2) a change in the "amount of the victim's pecuniary loss;" or (3) a change in the circumstances "upon which [the court] based the . . . method or time of payment."

¶9      Here, the District Court correctly denied Joslin's motion to strike without a hearing. Joslin's general allegations of hardship fail to meet the threshold of changed circumstances which would allow the court to adjust or waive his restitution obligation under § 46-18-246, MCA. Joslin did not claim that the original assessment of the victim's pecuniary loss was wrong, nor did he present an argument that the circumstances upon which the court based his restitution obligation or the method or time of payment of the obligation had changed.

¶10     Joslin instead asserts that his incarceration and the subsequent garnishment of one-third of his prison wages equates to a change of circumstances. However, the court clearly contemplated Joslin's incarceration and wage garnishment in the original sentence as well as in the subsequent re-sentence order, both of which stated that, if incarcerated, Joslin's prison wage would be docked by one-third. Further, the sentencing agreement,

4

which Joslin signed, specifically provided for three years of incarceration. The court, therefore, was not required to hold a hearing, because even if Joslin was able to prove all his assertions at the hearing, he would fall short of showing changed circumstances as required by § 46-18-246, MCA.

¶11 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence and there was clearly no abuse of discretion by the District Court.

¶12 We affirm the judgment of the District Court.


/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ BRIAN MORRIS



Justice Patricia O. Cotter dissents.

¶ 13 I dissent. The Court has placed the cart before the horse by requiring Joslin to demonstrate, *before* he is entitled to a hearing, that he would prevail if given the opportunity. As noted at ¶ 8, the statute provides that an offender may at any time petition for an adjustment of restitution, and that the court shall then "schedule a hearing .

5

. . . " The statute does not contemplate a pre-hearing determination of the merits of the petition, such as the Court has made here. I would reverse and remand for a hearing, in accordance with the plain language of the statute.

/S/ PATRICIA COTTER